| | |
|---|---|
| 1  ISMAIL J. RAMSEY (CABN 189820)<br>     United States Attorney<br>2<br>     THOMAS A. COLTHURST (CABN 99493)<br>3   Chief, Criminal Division<br>4   ALETHEA M. SARGENT (CABN 288222)<br>     Assistant United States Attorney<br>5<br>        450 Golden Gate Avenue, Box 36055<br>6       San Francisco, California 94102-3495<br>        Telephone: (415) 436-7200<br>7       FAX: (415) 436-7234<br>        alethea.sargent@usdoj.gov<br>8<br>     Attorneys for United States of America | **FILED**<br><br>Aug 07 2023<br><br>Mark B. Busby<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>KYLE VEHIKITE,<br><br>   Defendant. | CASE NO. 23-mj-71076 MAG<br><br>[PROPOSED] DETENTION ORDER |

On July 21, 2023, defendant KYLE VEHIKITE was charged by complaint with conspiracy to engage in robbery affecting interstate commerce, in violation of Title 18, Section 1951(a).

This matter came before the Court on August 4, 2023, for a detention hearing. The defendant was present and represented by John Jordan. Assistant United States Attorney Alethea M. Sargent appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

[PROPOSED] DETENTION ORDER                              1                              v. 11/01/2018
23-mj-71076 MAG

1    The present order supplements the Court's findings and order at the detention hearing and serves
2 as written findings of fact and a statement of reasons as required by Title 18, United States Code,
3 Section 3142(i)(1).  The Complaint in this case alleges a highly coordinated and premeditated armed
4 robbery of more than $1 million in jewelry.  It alleges the robbery was committed by seven suspects
5 wearing hooded sweatshirts, ski masks and gloves.  One drew a gun and pointed it at the sole security
6 guard in front of the store; the other six entered the store, with one waving a gun at the employees and
7 customers, demanding they get on the ground, while the remaining five smashed display cases with
8 hammers and loaded items into duffle bags.  The robbery was carried out in broad daylight in
9 approximately one minute, after which the robbers entered the passenger doors of getaway cars that
10 were waiting for them.  The Complaint also alleges that several of the suspects had cased out the store a
11 week prior to the robbery.  This was such a sophisticated, orchestrated, brazen crime – essentially
12 something right out of a movie – that every participant is a danger to the community, and it would be
13 foolish to believe the defendant would comply with any conditions of release.  This is also the type of
14 alleged crime where the precise role the defendant played (e.g., driver of getaway car vs. wielder of a
15 gun) is unimportant, as the planned use of firearms to threaten the security guard, employees and
16 customers would have been anticipated by every participant.  The intentionality, planning, organization,
17 and willingness to threaten human life (or willingness to be part of a plan that the defendant knows will
18 involve threats to human life) make this one of the rare cases in which "the nature and circumstances of
19 the offense charged" (18 U.S.C. § 3142(g)(1)) make the defendant's unmitigable danger clear and
20 convincing.  This finding is made without prejudice to the defendant's right to seek review of
21 defendant's detention, or file a motion for reconsideration if circumstances warrant it.

22    Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

23    1.    The defendant be, and hereby is, committed to the custody of the Attorney General for
24 confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving
25 sentences or being held in custody pending appeal;

26    2.    The defendant be afforded reasonable opportunity for private consultation with counsel;
27 and

28    3.    On order of a court of the United States or on request of an attorney for the government,

the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 7, 2023

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge